NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Email: nfarboody@mazalent.com

Attorney for MAZAL GROUP, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MAZAL GROUP, LLC, a California limited liability company

        Plaintiff,

   vs.

BILLY ROGER DIMAS, an individual and DOES 1 to 10,

        Defendants.

Case No.: 2:18-cv-6219

**COMPLAINT FOR:**
**1)    BREACH OF CONTRACT**
**2)    BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**
**3)    FRAUDULENT MISREPRESENTATION**

## INTRODUCTION

1.   This is an action by MAZAL GROUP, LLC, a California limited liability company ("Plaintiff" or "MAZAL"), to recover damages due to the breach of contract by BILLY ROGER DIMAS, an individual and DOES 1-10 ("Defendants" or "Defendant"), whose names have not yet been determined.

## JURISDICTION

2.   This Court has original jurisdiction over MAZAL's claims due to the matter arising in diversity jurisdiction pursuant to 28 U.S.C §1332 in a claim between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00). This Court has supplemental jurisdiction over MAZAL's state law claims under 28 U.S.C. §1367.  Furthermore, the state law claims contained

herein are instituted to the provisions of 28 U.S.C §1332 in that such claims constitute a civil action between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00).

3.   This Court has personal jurisdiction over Defendants pursuant to California Long Arm Statute, Cal. Code Civ. Proc §410.10, because Defendants regularly conduct business in, and carry minimum contacts with, the State of California.

4.   Venue is proper in this District pursuant to 28 U.S.C. §1392(b) because a substantial part of the evens or omissions giving rise to Plaintiff's claims occurred in this District.

5.   Furthermore, Defendants' signed agreement with Plaintiff agrees to jurisdiction and venue to this Court (See Exhibit A).

## PARTIES TO THE ACTION

6.   Plaintiff MAZAL GROUP LLC is, and at all times material hereto was, a California limited liability company whose principal place of business is in Chatsworth, California.

7.   Defendant BILLY ROGER DIMAS is and at all times material hereto was, a natural person residing in WEST PALM BEACH, Florida.

8.   Plaintiff, MAZAL is ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

## GENERAL ALLEGATIONS

9.    Plaintiff, MAZAL is a company engaged in the manufacture and distribution of beauty products.  MAZAL engages clients with license agreements to license the right to sell and use trademarks and other intellectual property.

10.    On or about May 22, 2018, MAZAL and Defendants entered into agreements for the licensing and right to sell certain brands ("BRANDS") to which MAZAL had exclusive rights to license (see Exhibit A).  And additionally, Defendants signed as guarantor with full liability thereto.

11.    Among the provisions the agreements in Exhibit A (henceforth the "AGREEMENT") were Section 8.02.1 detailing material breach of the AGREEMENT:

> **8.02.1. If Licensee makes, or has made, any false statement or report to MG in connection with this Agreement or the application therefore;** *(emphasis added)*

12.    On or about May 22nd, 2018 Licensee represented to MAZAL's sales representatives and staff that he had a shop open at Indian River Mall - Vero Beach, FL ("MALL"). Subsequently, MAZAL employees requested photographic evidence of the existence of the sales location that Defendants asserted existed in the AGREEEMENT.

13.    On or about June 4th, 2018, MAZAL received the attached as evidence of the existence of the sales location ("Licensed Location(s)" defined in the AGREEMENT) (Attached hereto as Exhibit B).

14.    MAZAL employees discovered that these photos did not, in fact, correspond to the Indian River Mall (detailed in as the Licensed Location(s)).

15.    On or about June 5th, 2018 MAZAL employees made phone calls to the landlord-management of the MALL specifically asking if the location existed (in the photo the name of the location is "SUPREME"). The MALL management said it did not. MAZAL employees followed up by asking if there were cosmetics, skins care, or beauty shops (including kiosks/carts); none corresponded to Defendants.

16.    On suspicion of wrongdoing, deceit, and fraud, Plaintiff MAZAL suspended

Defendants account.

17.    Plaintiff believes that Defendants purchased goods and lied about having a location on the AGREEMENT in order to turn around and engage in sales of the products in unlicensed channels (e.g. online) and/or at reduced advertised prices in violation of Section 4 MAPS. *See* AGREEMENT.

18.    Plaintiff has had issues with licensees who sign agreements (substantially similar to AGREEMENT) who then turn around and sell these products in unlicensed manners doing harm to and damaging MAZAL's price maintenance strategies and the BRAND image, as a luxury good.

19.    Plaintiff seeks judgement against Defendants, each and every one, in this Court.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

20.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

21.    MAZAL alleges Defendants materially breached the AGREEMENT by virtue of lying on the AGREEMENT thus invoking Section 8.02.1.

22.     MAZAL was harmed by this because Plaintiff released inventory to Defendants, which have now entered the market in an unlicensed manner to resellers who will disturb MAZAL's price maintenance mechanics and damage the BRAND identity.

23.    Pursuant to Section 8.03 of the AGREEMENT, Plaintiff is entitled to and claims liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per agreement.

24.    Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendants, and accordingly Plaintiff is entitled to temporary, preliminary

and permanent injunctive relief.

## SECOND CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

25.    Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

26.    Plaintiff and Defendants entered in the AGREEMENT.

27.    Every contract imposes certain duties of good faith and fair dealing upon the parties in performance and enforcement of the contract.

28.    Plaintiff did all or substantially all of the obligations required in the AGREEMENT.

29.    Defendants breach the covenant of good faith and fair dealing by lying about the existence of the Licensed Location(s), which on information and belief, Plaintiff concluded did not exist in the Mall in question. *See ¶15*

30.    Defendants wrongfully, deceptively, intentionally acted in bad faith.

31.    Plaintiff has suffered injury and damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### FRAUDULENT MISREPRESENTATION

### BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

32.    Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

33.    On or about May 22, 2018, Plaintiff was told by Defendants that he had a kiosk/cart location in the MALL and represented that it was true, both to the sales representative and on the AGREEMENT.

34.    Defendants knew at the time that this representation was false because Defendants sent false images of the supposed Licensed Location in what he asserted

was the MALL, when in fact it was not.

35.   Plaintiff relied on this representation and would not have entered into the AGREEMENT if that representation was known by Plaintiff to be untrue.

36.   Plaintiff was harmed by this because Plaintiff released inventory to Defendants, which have now entered the market in an unlicensed manner to resellers, who will disturb MAZAL's price maintenance mechanics and damage the BRAND identity.

37.   Plaintiff has suffered injury and damages in an amount to be proven at trial but in no case less than the liquidated damages of one hundred thousand dollars ($100,000.00).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgement against Defendants, and each of them, as follows:

1.   For damages derived from the expected enjoyment which Plaintiff would have received if the AGREEMENT were fully performed by Defendants.

2.   For liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per Section 8, *et seq.* of the AGREEMENT.

3.   For specific performance of post-termination provisions contained in the AGREEMENT.

4.   For general and consequential damages to be established at trial.

5.   For injunctive relief.

6.   For costs of suit incurred herein pursuant to the Guaranty of Licensee's Agreement section of the AGREEMENT.

7.   For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated:  07/___/2018


By:_/s/Nima Farboody_____
    NIMA FARBOODY
    Attorney for Plaintiff
    MAZAL GROUP, LLC

Exhibit A
AGREEMENT