JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-06219-RGK (JEMx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | *MAZAL GROUP LLC v. BILLY ROGER DIMAS et. al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Default Judgment (DE 35)

## I. INTRODUCTION

On July 18, 2018, Plaintiff Mazal Group, LLC ("Plaintiff"), filed a Complaint against Billy Rogers Dimas ("Defendant"). Plaintiff asserted the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) fraudulent misrepresentation. Defendant did not file an answer and the Court entered default against him on December 14, 2018. Plaintiff seeks only the enforcement of the breach of contract claim, alleging $100,000 in liquidated damages.

Presently before the Court is Plaintiff's motion for Default Judgment. For the following reasons, the Court **GRANTS** the motion.

## II. FACTUAL BACKGROUND

Plaintiff is a company engaged in the manufacture and distribution of beauty products. Plaintiff establishes license agreements allowing clients to sell and use trademarks and other intellectual property belonging to Plaintiff. On May 22, 2018, Plaintiff and Defendant entered into an agreement ("Agreement") for the licensing and right to sell certain brands to which Plaintiff has exclusive rights. The Agreement stated that Defendant could sell Plaintiff's products in physical locations, and not online, either directly or indirectly, and not to professional resellers but only end users and customers. (Langford Decl. ¶ 8, ECF No. 35.). Defendant represented that he had a kiosk at Indian River Mall in Vero Beach, Florida ("Mall") where he would sell Plaintiff's products. The parties specified the Mall as the "Licensed Location" defined in the Agreement.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-06219-RGK (JEMx) | | Date | June 28, 2019 |
|---|---|---|---|---|
| Title | *MAZAL GROUP LLC v. BILLY ROGER DIMAS et. al.* | | | |

    Section 8.02.1 of the Agreement stated, "If [Defendant] makes, or has made, any false statement or report to [Plaintiff] in connection with this Agreement or the application therefore," this "shall constitute a material breach and/or default by [Defendant] allowing [Plaintiff] to terminate the Agreement and be entitled to remedies outlined in Section 8.03." (Pl.'s Compl., Ex. A, 2, ECF No. 35.) The remedies provided in Section 8.03 include "a payment of $100,000 USD as liquidated damages." *Id.* at 3.

    Pursuant to the Agreement, Plaintiff requested photographic evidence of the kiosk, Defendant's specified sales location. On June 4, 2018, Plaintiff received photos from Defendant. However, Plaintiff discovered the photos did not correspond to the Mall. On June 5, 2018, Plaintiff contacted the landlord-management of the Mall to confirm whether the location existed. The management said it did not, and further stated that Defendant had no skin care or beauty shops (including kiosks/carts) in the Mall.

    Based on this information, Plaintiff suspended Defendant's account. Shortly thereafter, Plaintiff's license enforcement department received products from professional online retailers, including eBay and Amazon, with serial numbers belonging to Defendant's inventory.

    Plaintiff filed a Complaint on July 18, 2018. Defendant, who was served on November 2, 2018, failed to respond. The Court entered default against Defendant on December 14, 2018. Plaintiff thereafter filed a Motion for Default Judgment, which is now pending before the Court. In their motion, Plaintiff asks for a monetary judgment of $100,000 in liquidated damages.

    For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## III.    JUDICIAL STANDARD

    Federal Rules of Civil Procedure Rule 55(b) allows for a court to enter default judgment following entry of default by the clerk when a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(b). An applicant can apply for a clerk ordered judgment only when the claim is for an amount that is certain or capable of being made certain by computation. *Id.* at 55(a). In all other cases, the party must apply to the court for a default judgment. *Id.* at 55(b)(2). The Federal Rules of Civil Procedure and the Local Rules in the Central District of California require that applications for default judgment set forth the following information: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent and if so, whether that person is represented by a general guardian, committee,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-06219-RGK (JEMx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | *MAZAL GROUP LLC v. BILLY ROGER DIMAS et. al.* | | |

conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required. *Id.*; C.D. Cal. R. 55-1.

**IV.    DISCUSSION**

    **A.    Default Judgment is Warranted**

Default judgment is warranted because Plaintiff satisfies the procedural requirements of Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1, and the *Eitel* Factors weigh in favor of default judgment.

        1.    *Procedural Requirements*

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1:

1. On July 8, 2018, Plaintiff filed a Complaint against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, and fraudulent misrepresentation.
2. On November 2, 2018, Plaintiff served Defendant with the Summons and Complaint.
3. Defendant failed to file an answer.
4. On December 11, 2018, Plaintiff requested for Clerk to Enter Default against Defendant.
5. On December 14, 2018, the Clerk entered default against Defendant.
6. Defendant did not make any appearances.
7. Defendant is not a minor or incompetent.
8. Defendant does not serve in the U.S. Military and the Servicemembers Civil Relief Act does not apply.
9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

        2.    *Eitel Factors*

Entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Instead the grant or denial of relief is within the court's sound discretion. *Id.* The Ninth Circuit has enumerated the following factors to consider in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon review of the facts, the Court finds that Plaintiff has satisfied the *Eitel* factors:

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-06219-RGK (JEMx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | *MAZAL GROUP LLC v. BILLY ROGER DIMAS et. al.* | | |

1. Plaintiff will likely suffer prejudice if default judgment is not entered, as Plaintiff will be without other recourse for recovery.
2. As discussed below, deeming the facts alleged as true, Plaintiffs prevail on its claim of breach of contract.
3. Pursuant to California Civil Code 1671(b) discussed below, the amount of money at stake is appropriate.
4. Because all well-pleaded factual allegations are assumed true, there is no dispute concerning material facts.
5. It is very unlikely that Defendant's failure to respond resulted from excusable neglect. First, Plaintiff was properly served on November 2, 2018, yet has not filed responsive documents to date. Second, Defendant has been in contact with Plaintiff via telephone regarding the suit, and still, no response has been filed by Defendant.
6. While the Federal Rules of Civil Procedure favor decisions on the merits, this preference is not dispositive, and without a response from Defendant, is nearly impossible.

**B.** **The Facts Alleged in Plaintiff's Complaint are Deemed Admitted**

In general, once the Court clerk enters default, the Court deems true all factual allegations in the complaint, except those relating to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 825 F.2d 915, 917-18 (9th Cir. 1987). If the court determines that the defendant is in default, the defendant is liable for the claims asserted. *Geddess v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

As the Court finds Defendant in default, the factual allegations in Plaintiff's Complaint are deemed admitted as follows:

1. Plaintiff engages in the manufacture and distribution of beauty products.
2. Plaintiff enters into license agreements for the right to sell and use its trademarks and other intellectual property.
3. On May 22, 2018, Plaintiff and Defendant entered into agreements for the licensing and right to sell certain brands to which Plaintiff had exclusive rights to license.
4. Among the provisions in the Agreement is Section 8.02.1, detailing material breach of the Agreement: "8.02.1. If [Defendant] makes, or has made, any false statement or report to [Plaintiff] in connection with this Agreement or the application therefore;" (Pl.'s Compl., Ex. A.).
5. In the event of a material breach, Section 8.03 of the Agreement states, "[Defendant] agrees to pay [Plaintiff], among the many remedies available to [Plaintiff] (which

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-06219-RGK (JEMx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | ***MAZAL GROUP LLC v. BILLY ROGER DIMAS et. al.*** | | |

6. [Plaintiff] does not waive by the exercise of the rights hereunder), a payment of $100,000 USD as liquidated damages." *Id.*
6. On May 22, 2018, Defendant represented to Plaintiff that he had a sales location at Indian River Mall in Vero Beach, Florida. Subsequently, Plaintiff's employees requested photographic evidence of this location.
7. On June 4, 2018, Plaintiff received photographic evidence from Defendant of the sales location. Plaintiff's employees shortly discovered these photos did not correspond to the Mall.
8. On June 5, 2018, Plaintiff's employees made phone calls to the landlord-management of the Mall specifically asking if the location existed. The Mall management said it did not. Further, no shops, including kiosks or carts, in the Mall corresponded to Defendant.
9. On suspicion of wrongdoing, deceit, and fraud, Plaintiff suspended Defendant's account.
10. On July 30, 2018, Plaintiff received products from professional online retailers that were traced, via serial number, to inventory sold by Plaintiff to Defendant.
11. Defendant materially breached the Agreement by falsely stating that he had a physical location in the Mall and by selling Plaintiff's products to online, professional resellers, thus invoking Section 8.02.1.
12. By allowing Plaintiff's products to enter the market in an unlicensed manner to professional resellers, Defendant has harmed Plaintiff's distribution channels, its relations with sellers, consumer confidence in its products, and its price maintenance mechanics.

**C. Plaintiff is Entitled to Recover Liquidated Damages of $100,000 for Breach of Contract**

Based on the facts deemed admitted, Defendant materially breached the Agreement executed between Plaintiff and Defendant.

Plaintiff requests $100,000 in damages, and alleges this amount is reasonable based on the liquidated damages provision agreed to by Defendant. Defendant's initials below Section 8.03 are sufficient evidence of Defendant's agreement to pay Plaintiff $100,000 as liquidated damages in the case of a material breach. Pursuant to Cal. Civ. Code 1671(b), "[E]xcept as provided in subdivision (c), a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Subdivision (c) concerns retail or real property contracts, neither of which is applicable here. Defendant has failed to provide any evidence as to the unreasonableness of the provision. Because Defendant has failed to establish that the provision was unreasonable, the provision is valid and shall be enforced

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-06219-RGK (JEMx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | *MAZAL GROUP LLC v. BILLY ROGER DIMAS et. al.* | | |

### V.     CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion for Default Judgment. The Court awards Plaintiff $100,000 in damages. The Court orders Plaintiff to file a Proposed Judgment consistent with the Order no later than **five days** from the date this Order is entered.

**IT IS SO ORDERED.**

:

Initials of Preparer